IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DERRICK CHATMAN     PLAINTIFF

V.     NO. 4:11CV128-D-S

WASHINGTON COUNTY, et al.     DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court *sua sponte* for consideration of dismissal. *See* 28 U.S.C. §§ 1915(e)(2) and 1915(A). The Plaintiff, who is currently incarcerated, filed this complaint pursuant to 42 U.S.C. § 1983 attempting to challenge his incarceration and conviction for aggravated assault and burglary of a dwelling in Washington County Circuit Court.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), this court has come to the following conclusion.

### Section 1983 is not Appropriate Method to Challenge a Conviction

Any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under §1983. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). The relief sought by the prisoner or the label he places upon the action is not the governing factor. *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979). The rule which the Court of Appeals for the Fifth Circuit follows in determining whether a prisoner must first obtain habeas corpus relief before bringing a § 1983 action is simple: "if a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle for suit is § 1983. If it would so entitle him, he must first get a habeas corpus judgment." *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir. 1997), *reh'g denied*, 133 F.3d 940 (1997) (*citing Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 736, 133 L. Ed. 2d 686 (1996)).

The Plaintiff must first obtain habeas corpus relief before pursuing damages in a § 1983 action. *See Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). A cause of action under 42 U.S.C. § 1983 does not accrue until the plaintiff's conviction or sentence has been invalidated. *Id.* at 489-91. The plaintiff makes no allegation that his conviction has been called into question. The § 1983 complaint is, thus, premature.

Even if the court were to construe this as a 28 U.S.C. § 2254 petition, he must first exhaust remedies available to him in state court. *See* 28 U.S.C. § 2254(b)(1) and (c); Miss. Code Ann. §§ 99-39-1 *et seq.* There is no proof or allegation that the plaintiff has exhausted his claims. Accordingly, in either case, the plaintiff's complaint is premature and would be subject to dismissal for these reasons. The complaint will be dismissed.

A final judgment in accordance with this opinion will be entered.

THIS the 30th day of December, 2011.

SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI